UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY VOLPE | : | CIVIL NO.: |
| | : | |
|        Plaintiff | : | |
| V. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| and BARRY JONES | : | |
| | : | |
|        Defendants | : | NOVEMBER 8, 2014 |

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to the FOURTH and FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 and § 1988.

2. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, 1343, and 1367.

### PLAINTIFF DEMANDS TRIAL BY JURY

### FACTS

1. At all relevant times, Gregory Volpe (the "Plaintiff") was a United States citizen and a resident of the Town of Stratford and County of Fairfield.

2. At all relevant times, the defendant, City of Bridgeport was a municipality with its City Clerk's Office located at 45 Lyon Terrace, Room 204, Bridgeport, Connecticut.

3.     At all relevant times, the defendant Barry Jones was a duly appointed police officer in the Bridgeport Police Department, acting in his capacity as such. He is sued in his individual and official capacities.

4.     During all times mentioned in this Complaint, the defendant police officer was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

5.     On the morning of October 4, 2012, the plaintiff was traveling north in the right lane on Boston Avenue in Bridgeport during the course of his regular employment.

6.     The defendant officer was also traveling north in the right lane on Boston Avenue in Bridgeport. The defendant officer was driving a privately owned pick-up truck en route to an official police overtime post.

7.     At approximately 7:50 a.m., the defendant officer pulled up along the right side of the plaintiff illegally attempting to pass the plaintiff in his lane of travel.

8.     When the defendant officer failed at passing the plaintiff on the right in his lane of travel, the defendant officer engaged in intimidating and harassing behavior indicative of road rage by driving dangerously close to the back of the plaintiff's vehicle.

9.     The defendant officer pulled up to the plaintiff's left side of his vehicle and gestured for the plaintiff to pull his vehicle over. Observing that the defendant officer was wearing a police vest, the plaintiff promptly pulled over.

10.    The defendant officer then pulled the plaintiff from his vehicle by grabbing his shirt and pants, slammed the plaintiff against his vehicle while holding the plaintiff's hands in restraint and kicking the plaintiff. The defendant officer continued to

assault the plaintiff by bringing him to the rear of his vehicle and slamming his face into the metal platform rack thereon.

11. The plaintiff was released from the scene and went to the hospital for treatment of his injuries. At the hospital, the plaintiff was placed under arrest.

12. As a result of the defendant officer's actions, the plaintiff was caused to sustain the following injuries:

   a. Severe swelling, tenderness, and pain to the back;

   b. Severe swelling, tenderness, and pain to the face,

   c. Severe swelling, tenderness, and pain to the arms and legs;

   d. Contusions to the face, neck, back, torso, arms and legs;

   e. Abrasions and lacerations to the face;

   f. Psychological and emotional distress and trauma;

   g. Post traumatic sleeplessness; and

   h. Fear of bodily harm by police.

13. In connection with the incident described above, the defendant police officer filed a false police report claiming, among other things, that the plaintiff's vehicle was traveling behind the defendant officer's vehicle, that the plaintiff was accelerating fast attempting to pass him on the right, and that the plaintiff was engaging in behaviors indicative of road rage. Surveillance video of the incident contradicts the defendant officer's report, glaringly.

14. The force employed by the defendant police officer against the plaintiff as described above was utterly unreasonable and unnecessary.

15. As a result, the plaintiff suffered great physical and emotional pain and suffering, as well as financial loss.

## COUNT ONE – UNREASONABLE FORCE

1-15. The facts as set forth above are incorporated herein as if fully pleaded.

16. The conduct described above constitutes the use of excessive force in the arrest of the Plaintiff in violation of 42 U.S.C § 1983.

17. As a result of the aforesaid, the plaintiff suffered great physical and emotional pain and suffering, as well as financial loss.

## COUNT TWO - FALSE ARREST

1-15. The facts as set forth above are incorporated herein as if fully pleaded.

16. The defendant officer exercised improper and unlawful influence upon the plaintiff and arrested the plaintiff without a warrant on false and malicious criminal charges. The defendant officer thereafter submitted a false police report thereby causing the plaintiff to be prosecuted for crimes of which the defendant officer knew the plaintiff was innocent.

17. On April 12, 2013, the criminal charges brought against the plaintiff were dismissed by the Court of Geographical Area 2, State of Connecticut. A copy of the transcript from hearing is attached hereto and made a part hereof.

18. As a result of the false arrest, the plaintiff was forced to endure public humiliation, miss time from work while going to court and suffer emotional distress.

19. In the manner described above, the defendant officer violated the plaintiff's right to be free from false arrest and malicious prosecution, which rights are

secured to the plaintiff by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

**COUNT TWO – MONELL COUNT**

1-15.   The facts as set forth above are incorporated herein as if fully pleaded.

16.   At the time of the incident described above, and for a long time prior thereto and continuing to the date hereof, the defendant, City of Bridgeport, has had a custom or policy of condoning and encouraging civil rights violations by police officers.

17.   Said custom or policy has been passively approved or acquiesced to by its superintendents of police, acting as agent for the defendant, City of Bridgeport, and is reflected in actions following a pattern of prior episodes well known to them. Said custom or policy specifically includes, but are not limited to the following:

a.   by continuously failing to discipline its officers despite citizen complaints brought against members of the police department alleging the use of excessive force; specifically, out of the 123 citizen complaints of excessive force against members of the Bridgeport police department from 2008 - 2013, the only one sustained is identified as Office of Investigative Affairs file number 12I-303 whose citizen complainant is the plaintiff in this matter and the officer alleged and determined by the Office of Internal Affairs to have engaged in the use of excessive force is the defendant in this matter;

b.   the refusal to, in anyway, discipline Officer Martocchio, formerly known as Officer Gudauskas, regarding numerous claims of excessive force against him by individuals that are the subject of a Freedom of Information Disclosure made September 12, 2008 and afterwards, where such individuals suffered bruises, contusions, and open wounds where surgical methods, including stitches had to be used to close them,

nor to discipline him after judgment was entered against him in the amount of $300,000 him where Martocchio caused the plaintiff in that matter, Abdus Shahid Muhammed, to suffer, among other things, the loss of vision in one eye, broken bones in his face, the disruption of his tear duct system, and a tearing of his eyelid(s) as a result of Martocchio brutally assaulting Muhammad because of his race, religion, and ethnicity, or to discipline him, even upon the City admitting liability for Martocchio's actions in brutally attacking yet another man, Bryan Cascio where the City paid the plaintiff the sum of approximately $80,000 in exchange for a release of liability after the Police Department's union president claimed to the Connecticut Post that Mr. Cascio's allegation was "outrageous...frivolous and untrue";

      c.      the refusal to fire two police officers, Uliano and Clayton, for having failed a drug test when it is or was their primary duty to police those who are involved in drug related offenses;

      d.      the maintaining of officers as active police officers when such individuals have been convicted of crimes involving civil rights violations, namely Procaccini, Christy and Halpin (U.S. v. Procaccini, et al, U.S.D.C. Conn. N-76-70, State v. Christy and Halpin, Superior Court J.D. Fairfield at Bridgeport, Docket Nos. 31,604 and 31,605) and the promotion of Procaccini to detective after his conviction (he was subsequently permitted to retire before his second conviction)  and the promotion of Christy and Halpin to the rank of Sergeant after their convictions;

      e.      the failure to institute any disciplinary proceeding at all against a police officer found liable for an act of extreme brutality in Arroyo v. Walsh, 317 F. Sup 896 and the assertion that the conduct found by Judge Lombard in that case does not

constitute misconduct so far as the then Superintendent (Walsh) and the Police Department are concerned. (See compliance with Motion for Discovery dated November 16, 1971 in <u>Lopez v. Walsh</u>, B-307);

   f.  in holding a state of perpetual incomplete investigations of the numerous complaints filed by victims of a police riot described in <u>Barros v. Walsh</u>, U.S.D.C. Conn. No. B-482. In that case, numerous forged arrest reports listing names of fictitious arresting officers led to no disciplinary action on the part of the Police Department. (See Exhibit annexed to Memorandum in Support of Motion for Summary Judgment dated August 3, 1973 in <u>Goodwin v. Walsh</u>, U.S.D.C. Conn. No. B-558). Said ancient practice still exists today as the plaintiff in this matter filed an internal affairs complaint against the defendant Officer approximately two years ago, which was sustained by the Internal Affairs Department, as noted in subsection a of this section, against the defendant Police Department approximately one year ago and the Defendant officer, upon information and belief, to this day, has not been disciplined, much to the Plaintiff's shock and alarm. Worse still, the Defendant City refuses to release any of its records pertaining to the investigation to the Plaintiff, when, in fact, investigation has long since concluded;

   g.  by cultivating a department that engages in the continuous use of excessive force as recorded by citizens and actually resulting in federal indictments for violations of civil rights by against their police officers. See <u>U.S. v. Higgins</u>, U.S.D.C. Conn. 3:14 CR 00171-JAM (2014),

   h.  by failing to establish a civilian review board for incidents regarding police officer misconduct; and

     i.  by failing to audit or have independently reviewed its police officers incident or other reports.

  18.  For the maintenance of said customs or policies, defendant, City of Bridgeport, is liable to Plaintiff pursuant to 42 U.S.C. §1983 and §1988.

       THE PLAINTIFF, GREGORY VOLPE


      BY:_____/S/ Charles L. Kurmay_____
       CHARLES L. KURMAY, ESQ.
       3000 Main Street
       Stratford, CT  06614
       Tel:  (203) 380-1743
       Fax:  (203) 380-0293
       HIS ATTORNEY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GREGORY VOLPE** | : | CIVIL NO.: |
| | : | |
| **Plaintiff** | : | |
| **V.** | : | |
| | : | |
| **CITY OF BRIDGEPORT,** | : | |
| **and BARRY JONES** | : | |
| | : | |
| **Defendants** | : | NOVEMBER 8, 2014 |

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays for the following relief:

1. General damages;

2. Special damages;

3. Compensatory damages;

4. Consequential damages;

5. The establishment of a special master to oversee the Bridgeport Police Department and their officers use of force;

6. Punitive damages pursuant to 42 U.S.C. §1983;

7. Attorney's fees pursuant to 42 U.S.C. §1988; and

8. Such other relief as the court shall deem proper.

        THE PLAINTIFF, GREGORY VOLPE

BY: __/S/ Charles L. Kurmay_____
    CHARLES L. KURMAY, ESQ.
    3000 Main Street
    Stratford, CT  06614
    Tel:  (203) 380-1743 / Fax:  (203) 380-0293
    HIS ATTORNEY